## UNITED STATES v. NG PARK TAN.

(District Court, N. D. California. April 12, 1898.)

No. 3,494.

ADMISSION OF CHINESE MERCHANT—CERTIFICATE OF IDENTIFICATION—ENGAGING IN LABOR.

Where a Chinaman is admitted into this country upon presentation of a certificate in conformity with 22 Stat. 58, as amended by 23 Stat. 115, identifying him as a merchant, proof that, ever since he was permitted to land, he has continuously engaged in manual labor, will overcome the effect of such certificate as prima facie evidence of his right to remain in the United States.

Bert Schlesinger, Asst. U. S. Atty.

Ward McAllister and J. E. Foulds, for defendant.

DE HAVEN, District Judge. The complaint filed in this court on January 15, 1898, charges the defendant with being a Chinese laborer unlawfully in the United States. The defendant was permitted to land at the port of San Francisco by the collector of that port on December 4, 1897, upon presentation of a certificate, dated October 27, 1897, identifying him as a merchant. The certificate was in conformity with section 6 of the act of May 6, 1882 (22 Stat. 58), as amended by the act of July 5, 1884 (23 Stat. 115). This certificate is only prima facie evidence of the right of the defendant to remain in the United States, and its effect as such is overcome by the other evidence in the case, showing that defendant, immediately after landing in this country, engaged in manual labor, and so continued until January 18, 1898, the date of his arrest in this proceeding. In support of this conclusion, I need only refer to the case of U. S. v. Yong Yew, 83 Fed. 832, the opinion in which contains an able discussion of the question relating to the effect of evidence showing that a defendant in this class of cases has continuously engaged in manual labor after being permitted to land upon a certificate like that held by the defendant here. The exceptions to the report of the United States commissioner are overruled, and judgment will be entered that defendant be deported to China.